**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN**

**DONALD JOSHUA SALTER**                                                    **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 1:17-CV-P55-GNS**

**MATT AARON** *et al.*                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Donald Joshua Salter leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Albany City Deputy Brad Cross (#254), Parole Officer Matt Aaron (#1056), Clinton County Sheriff Jim Guffey (#1250), and Kentucky State Trooper Jason Warinner (#729), in both their official and individual capacities.

In his complaint, Plaintiff claims that Defendants used excessive force against him. He alleges that on April 15, 2016, the four Defendants approached the work truck in which he was a passenger. He states that one or more of the defendant officers asked him his name but that he informed them that he had the right to remain silent. Upon being asked, he also told the officers that he did not have any identification on him. Plaintiff alleges that Deputy Cross then asked

him to step out the truck.[1]  Plaintiff states that, as he began to step out of the truck, Deputy Cross grabbed him by his "left wrist (hand)" and then shut the truck door on him as he was opening it. Plaintiff states that once he was out of the truck, he informed the officers that he had a pocket knife clipped to him and told them that they could remove it.  The officers removed the pocket knife and again asked Plaintiff to identify himself.  Plaintiff alleges that when he again refused to identify himself, all four Defendants began to assault him.  He specifically alleges that Trooper Warinner punched him in the throat and grabbed him by the back of the neck and that Deputy Cross slammed him to the ground.  He further alleges that Trooper Warinner grabbed him by the back of the head and slammed his face into the concrete boat ramp on which his work truck was parked.  He also states that Parole Officer Aaron grabbed him by the leg and dragged him face down as another Defendant punched him in the side of the face.  Plaintiff alleges that, as a result of this assault, he had to be taken to the hospital for medical attention.

As relief, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief in the form of termination of Defendants' employment.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter,

---

[1] In some portions of the complaint, Plaintiff identifies Defendants by what the Court assumes is their badge numbers, but the Court will use their names instead.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is axiomatic that individuals have a constitutional right not to be subjected to excessive force during an arrest. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Claims of excessive force in the context of an arrest are analyzed under the Fourth Amendment's "objective reasonableness standard." *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham*, 490 U.S. at 388). If the amount of force used to accomplish the arrest is objectively reasonable based on Fourth Amendment seizure principles, then no constitutional violation occurred.

In *Graham*, the Supreme Court established the test for determining objective unreasonableness. Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396. While individuals clearly have a right to be free from excessive force, police officers have an essential duty to arrest suspects and, necessarily, "the right to use some degree of physical coercion or threat thereof to effect [the arrest]." *Id*. Courts evaluate whether the arresting officer's use of force is reasonable on a case by case basis, from the perspective of an officer on the scene, and in light of the "difficulties of modern police work." *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006) (internal quotations and citation omitted). Although the ultimate inquiry is whether the totality of the circumstances justifies the force used to accomplish the arrest, the Supreme Court has identified three factors for the district court to consider in determining reasonableness: (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the police

officers or others; and (3) whether the suspect actively resisted arrest or attempted to evade arrest by flight. *Graham*, 490 U.S. at 396.

### A. Official-Capacity Claims

In this action, Plaintiff sues each Defendant in his official capacity. The official-capacity claims against Parole Officer Aaron and Trooper Warinner, who are both state employees, are barred for two reasons. First, state officials sued in their official capacities for damages are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, state officials sued in their official capacities are not "person[s]" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff's official-capacity claims for damages against Parole Officer Aaron and Trooper Warinner must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

With regard to Plaintiff's official-capacity claims against Albany City Deputy Cross and Clinton County Sheriff Guffey, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Deputy Cross is actually against the City of Albany, and his official-capacity claim against Sheriff Guffey is actually against Clinton

County. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.,* whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff has not alleged that Deputy Cross or Sheriff Guffey acted pursuant to a municipal policy or custom in causing his alleged harm. As such, the complaint

6

fails to establish a basis of liability against any municipality. Accordingly, the Court will dismiss the official-capacity claims against Deputy Cross and Sheriff Guffey for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Based on the allegations contained in the complaint, the Court will allow Plaintiff's excessive-force claims against the four Defendants in their individual capacities to proceed at this time.

### C. Injunctive Relief

As injunctive relief, Plaintiff requests that the four Defendants "be released of public service duty." The Court, however, does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Leek v. Thomas*, No. 09-3036-SAC, 2009 U.S. Dist. LEXIS 39406, at *9 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action.").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Parole Officer Aaron and Kentucky State Trooper Warinner for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Albany City Deputy Cross and Clinton County Sheriff Guffey and his claim for injunctive relief against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order and Order Regarding Service to govern the continuing claims.

Date: May 17, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendants
 Albany City Attorney
 Clinton County Attorney
4416.011