UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

DONALD JOSHUA SALTER                                                                  PLAINTIFF

v.                                                             CIVIL ACTION NO. 1:17-CV-P55-GNS

MATT AARON *et al.*                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiff for a default judgment against Defendant Jason Warinner (DN 21). For the following reasons, this motion will be denied.

In his motion, Plaintiff asks for the Court "to rule in [his] favor" because Defendant Warinner has not served Plaintiff with an answer and the time for serving an answer has passed. Plaintiff cites to Federal Rule Civil of Civil Procedure 12(a)(1)(A) which provides that, in general, "a Defendant must serve an answer . . . within 21 days after being served with the summons and complaint."

In his response, Defendant Warinner states that the record reflects that he was served with a summons on June 12, 2017 (DN 14), and that he timely filed his answer on June 28, 2017 (DN 16). Defendant Warinner further notes that this answer contained the requisite Certificate of Service which stated that a copy of it had been served on Plaintiff at Plaintiff's then current address of record. Defendant Warinner's response also includes an affidavit signed by a paralegal consultant for the Kentucky State Police (KSP) who avers that when "a pleading is filed via CM/ECF and the Certificate of Service details that a copy of the pleading be mailed to the party listed in the Certificate," it is the "normal operating procedure" of the KSP to mail the pleading to the party listed by regular mail (DN 22-1). The affiant further states that the answer mailed to Plaintiff has not been returned to KSP as undeliverable. (Id.). Finally, Defendant

Warinner writes that, out of an abundance of caution, he will remail a certified copy of his answer to Plaintiff at his current address of record.  Plaintiff did not file a reply.

In light of the foregoing, the Court finds that Plaintiff's motion for a default judgment must be denied for both procedural and substantive reasons.  First, to obtain a default judgment, a plaintiff must first request the Clerk's entry of default pursuant to Federal Rule of Civil Procedure Rule 55(a).  Rule 55(b) governs default judgment.  "An entry of default and a default judgment are distinct concepts which must be treated separately."  *Redd v. Vails*, No. 14-14340, 2015 U.S. Dist. LEXIS 37707, at *5 (E.D. Mich. Mar. 25, 2015).  "These sections have separate headings and procedures that are distinct from one another.  Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."  *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004).  Stated another way,

> [o]btaining a default judgment is a two-step process: first, the party seeking a default judgment files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint; second, once the clerk has entered a default, the moving party may then seek entry of a default judgment by the Court against the defaulting party.

*Barcey v. La Beau, Inc.*, No. 14-10249, 2015 U.S. Dist. LEXIS 18622, at *4 (E.D. Mich. Feb. 17, 2015).  Thus, because no default has been entered by the Clerk in this action, Plaintiff's motion for a default judgment must be denied.

However, Plaintiff's motion must also be denied for substantive reasons.  A default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  The record reflects that Defendant Warriner timely filed his answer.  Thus, he has not filed to plead or otherwise defend in this action.

2

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for a default judgment (DN 21) is **DENIED**.

Date: October 5, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of Record
4416.011